RECEIVED
IN ALEXANDRIA, LA.
FEB - 5 2010
TONY R. MOORE, CLERK
BY_____ DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VFS US LLC d/b/a VOLVO FINANCIAL SERVICES | CIVIL ACTION NO. 09-1096 |
| VERSUS | JUDGE TRIMBLE |
| ABEL PROPERTY IMPROVEMENTS, LLC and DOUG GIRTMAN and STEPHEN BROWN | MAGISTRATE JUDGE KIRK |

## MEMORANDUM JUDGMENT

Before the court is a motion for summary judgment[1] filed by plaintiff VFS US LLC d/b/a Volvo Financial Services ("Volvo"). Volvo's motion asserts that summary judgment is appropriate in this case because no genuine issue of material fact exists concerning defendants' default and indebtedness.

This suit was filed by plaintiff on July 1, 2009.[2] Plaintiff's complaint alleges that it is the holder of a Secured Promissory Note payable to Volvo, dated June 26, 2007, in the original principal sum of $184,500 and bearing interest at a rate of 3.49% per annum, executed by Abel Property Improvements, LLC ("Abel") as maker.[3] Plaintiff's complaint further alleges that Abel agreed to pay 48 monthly payments of $4,123.86 and that, in order to secure payment of the loan, Abel granted

---

[1] R. 14.

[2] R. 1.

[3] Id. at ¶ 8.

1

plaintiff a security interest in certain property (hereinafter "Collateral"), which includes a 2007 Volvo Model EC240BLC bearing VIN number 1045.[4] Plaintiff attached to its complaint copies of the following:

1. The June 26, 2007 Secured Promissory Note;

2. a UCC Financing Statement filed in the public records of Rapides Parish, Louisiana on August 6, 2007 and again on August 24, 2007; and

3. a Continuing Guaranty, dated June 26, 2007, executed by defendant Doug Girtman.[5]

Plaintiff's complaint further alleges that, as of the date of filing, no monthly payment had been received from Abel for a period of more than five (5) months as agreed under the Secured Promissory Note and no payments from either Doug Girtman or Stephen Brown had been received as agreed under the Secured Promissory Note and Continuing Guaranty.

Plaintiff previously requested and was granted a writ of sequestration as to the collateral at issue in this case.[6]

Plaintiff now seeks summary judgment on the basis that defendants' failure to make timely payments under the promissory note and continuing guaranty constitute events of default which, according to the promissory note, entitles plaintiff to declare the obligations immediately due and payable in full; to take possession of the collateral and to sell the collateral at a public or private sale; to apply the proceeds of any such sale to defendants' outstanding debt; to hold defendants liable for any debt not satisfied by the proceeds of the collateral sale and, finally, to hold defendants liable for

---

[4] Id. at ¶ 9.

[5] R. 1-1.

[6] R. 2, 7.

all attorney fees, costs and fees associated with these proceedings. Plaintiff relies on the documents listed above and the December 16, 2009 affidavit of Bettye Carr,[7] a bankruptcy and litigation specialist for Volvo, in arguing that no genuine issue of material fact exists that defendants have defaulted on their obligations and that Volvo is owed certain sums under the promissory note and continuing guaranty.

Summary judgment is mandated when the

> pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.[8]

In reviewing such evidence, the court will draw all justifiable inferences in favor of the non-moving party.[9] An issue of fact is "genuine" when its resolution determines the non-moving party's entitlement to relief.[10]

Once the movant has demonstrated "an absence of evidence to support the non-moving party's case," the burden shifts to the non-moving party to come forward with specific facts showing a genuine issue of fact for trial.[11] Conclusory allegations and denials, speculation, improbable references, unsubstantiated assertions and legalistic argumentation are not an adequate substitute for

---

[7]R. 14-2.

[8]Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986).

[9]Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 249 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970).

[10]Anderson, 477 U.S. at 248.

[11]Celotex, 477 U.S. at 325; Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

specific facts showing that there is a genuine issue of fact necessitating trial.[12] The court will not assume that the non-moving party will meet its burden in the future, as such party is obligated to respond affirmatively to a motion for summary judgment and may not rest upon the pleadings without specific factual allegations in support of these claims.[13]

As of the issuance of this judgment defendants have filed no response in opposition to this motion and, in fact, have made no appearances in the case. The record reflects that both Abel Property Improvements, LLC and Doug Girtman have been timely served, but defendant Stephen Brown remains unserved.[14]

The court has examined plaintiff's motion and the Secured Promissory Note, UCC Financing Statement and Continuing Guaranty attached thereto.[15] These attached documents support plaintiff's argument that defendants are liable in solido for the amounts claimed. Plaintiff's argument is further supported by the affidavit of Bettye Carr, which attests that defendants have defaulted on their loan by failing to make payments as provided for in the Secured Promissory Note and Continuing Guaranty[16]. The affidavit further attests that defendants owe, specifically, $114,241.28 in unpaid

---

[12]SEC v. Recile, 10 F.3d 1093, `097 (5th Cir. 1993).

[13]Little v. Liquid Air Corp., 37 F.3d 1069, 1075 (5th Cir. 1994) (citing Lujan v. National Wildlife Federation, 497 U.S. 871, 888 (1990)).

[14]R. 11, 13. Plaintiff asserts that it has been unable to locate Stephen Brown and, therefore, does not request summary judgment against this defendant. Plaintiff requests reservation of rights to proceed against Stephen Brown in the event that he is located. We construe this as a motion for extension of time to effect service under Fed. R. Civ. P. 4(m).

[15]R. 14-2.

[16]Id.

principal, $3,015.99 in interest as of November 12, 2009 and $1,855.71 in late charges.[17]

Given the uncontested summary judgment presented by plaintiff, the court finds that no genuine issue of material fact exists as to the issue of defendants' indebtedness. Therefore, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that plaintiff's motion for summary judgment is **GRANTED** and that, accordingly, judgment is awarded in plaintiff's favor and against defendants Abel Property Improvements, LLC and Doug Girtman, the principal sum of $114, 241.28, accrued contractual interest on the principal balance owed through November 12, 2009 in the amount of $3,015.99 and late charges in the amount of $1,855.71, together with interest on the unpaid balance at the rate of 18% per annum from the date of issuance of this judgment until paid and all reasonable attorney fees and costs of these proceedings pursuant to the June 26, 2007 Secured Promissory Note executed between the parties. It is further

**ORDERED, ADJUDGED** and **DECREED** that Volvo's security interest in the collateral more particularly described as a 2007 Volvo Model EC240BLC bearing VIN # 1045 is recognized and maintained pursuant to the June 26, 2007 Secured Promissory Note. It is further

**ORDERED, ADJUDGED** and **DECREED** that plaintiff is authorized, by virtue of its enduring security interest therein, to immediately take possession of the collateral more particularly described as a 2007 Volvo Model EC240BLC bearing VIN # 1045 and to sell such collateral at a private sale as contemplated in the June 26, 2007 Secured Promissory Note, reserving unto plaintiff all other collection rights available to it in order to enforce this judgment, rendered in its favor. It is further

---

[17] Id. at p. 2.

**ORDERED, ADJUDGED** and **DECREED** that plaintiff's motion for extension of time to effect service on defendant Stephen Brown is **GRANTED**. Plaintiffs are hereby granted an extension of **120 days** from the issuance of this judgment to serve Stephen Brown or to show cause why service has not been effected in order to avoid dismissal of all claims against this defendant.

**THUS DONE AND SIGNED** in chambers at Alexandria, Louisiana this 5th day of February, 2010.

_____
JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE