RECEIVED
SEP 16 2010
TONY R. MOORE, CLERK
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA, LOUISIANA

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| VFS US LLC d/b/a VOLVO FINANCIAL SERVICES | CIVIL ACTION NO. 09-1096 |
| VERSUS | JUDGE TRIMBLE |
| ABEL PROPERTY IMPROVEMENTS, LLC, DOUG GIRTMAN and STEVEN BROWN | MAGISTRATE JUDGE KIRK |

## MEMORANDUM JUDGMENT

Before the court is a second motion for summary judgment in the above captioned case by plaintiff VFS US LLC d/b/a Volvo Financial Services ("Volvo").[1] Plaintiff's first motion sought summary judgment against Abel Property Improvements, LLC ("Abel") and Doug Girtman ("Girtman") on the basis of a Promissory Note, UCC Financing Statement and a Continuing Guaranty executed by Girtman. In a memorandum judgment issued February 5, 2010, this court granted summary judgment as against Abel and Girtman in the sum of $114,241.28, representing unpaid principal, $3,015.99 in contractual interest through November 12, 2009 and $1,855.71 in late charges, together with contractual interest on the unpaid balance at the rate of 18% per annum from the date of issuance of the judgment until paid and all reasonable attorney fees and costs of the proceedings pursuant to the Promissory Note executed between the parties.[2] The court also granted

---

[1] R. 21.

[2] R. 16.

plaintiff's request for an extension of time to perfect service on defendant Steven Brown ("Brown").[3]

Plaintiff's instant motion asserts that service has now been made on Brown and, for the same reasons advanced in its first motion for summary judgment, summary judgment is now appropriate as to defendant Brown.[4] The court agrees.

The record indicates that Brown was served on April 25, 2010.[5] His answer to the suit was due to be filed no later than May 17, 2010.[6] As of the date of this judgment, Brown has filed no answer and made no other appearance in this case.

Having already outlined the pertinent facts of this case in our prior ruling, we decline to repeat them here.[7] The documents submitted by plaintiffs indicate that defendants Girtman and Brown executed a Continuing Guaranty, wherein they agreed to be "jointly and severally" guarantors of payment by Abel to Volvo on the indebtedness referenced in the Secured Promissory Note.[8] The affidavit of Bettye Carr, Bankruptcy and Litigation Specialist at Volvo attests that defendants, including Brown, have failed to make payment on the Secured Promissory Note or under the Continuing Guaranty, placing them in default under the express terms of both documents.[9] Carr attests that the principal sum of $114,241.28 is owed, together with accrued contractual interest

---

[3] Id.

[4] R. 21-1 at p. 2.

[5] R. 20.

[6] Id.

[7] For a recitation of the facts of this case, see R. 16.

[8] R. 21-2 at p. 8.

[9] Id. at pp. 1-2.

through July 28, 2010 in the amount of $29,245.77 and late charges totaling $3,917.61.[10]

The court finds that plaintiff has submitted competent summary judgment evidence demonstrating that no genuine issue of material fact exists which, if decided in the defendants' favor, would entitle defendants to judgment in their favor.[11] Additionally, we note that defendants have not answered Volvo's motion, leaving the motion unopposed. Given our prior finding, emphasized again here, that defendants Girtman and Brown are liable jointly and severally for the debts of Abel by operation of the Continuing Guaranty executed by them, we find that this judgment should be rendered against both Girtman and Brown because of the continued accrual of contractual interest from the date of our last judgment until present day. Accordingly, it is hereby

**ORDERED, ADJUDGED** and **DECREED** that plaintiff's motion for summary judgment is **GRANTED** and that, accordingly, judgment is awarded in plaintiff's favor and against defendants Abel Property Investments, LLC, Doug Girtman and Stephen Brown in the sum of $114,241.28 representing unpaid principal, accrued contractual interest on the principal sum owed through July 28, 2010 in the amount of $29,245.77 and late charges in the amount of $3,917.61. It is further

**ORDERED, ADJUDGED** and **DECREED** that Volvo's security interest in the collateral more particularly described as a 2007 Volvo Model EC240BLC bearing VIN # 1045 is recognized and maintained pursuant to the June 26, 2007 Promissory Note executed by the parties. It is further

**ORDERED, ADJUDGED** and **DECREED** that plaintiff is authorized, by virtue of the its enduring security interest therein, to immediately take possession of the collateral more particularly

---

[10] Id.

[11] Fed. R. Civ. P. 56(c)(2); Celotex Corp. v. Catrett, 477 U.S. 317 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986); Matsushida Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574 (1986); Adickes v. S.H. Kress & Co., 398 U.S. 144 (1970).

described as a 2007 Volvo Model EC240BLC bearing VIN # 1045 and to sell such collateral at a private sale as contemplated in the June 26, 2007 Secured Promissory Note, reserving unto plaintiff all other collection rights available to it un order to enforce this judgment, rendered in its favor. It is further

**ORDERED** that this judgment shall be considered an amended judgment as to defendants Abel and Girtman in that the sums included in this judgment shall replace the sums included in this court's prior judgment against these defendants on February 5, 2010 pursuant to our finding that Girtman and Brown are liable jointly, severally and in solido for the indebtedness of Abel at issue in these proceedings.

**THUS DONE AND SIGNED** in chambers at Lake Charles, Lousiana this ___16th___ day of September, 2010.

                                                             JAMES T. TRIMBLE, JR.
                                                         UNITED STATES DISTRICT JUDGE